## Asa Adams *vs.* Charles Brown.

A master in chancery, to whom a bill in equity, brought to redeem a mortgage on a house and land, was referred, to state an account of the amount due on the mortgage, disallowed certain charges made by the mortgagee, for expenses incurred by him in repairs undertaken with a view to remedy a defect in the original structure, which repairs, by reason of the employment of unskilful persons, and the use of unsuitable materials, failed of their object.  It was held, that the question was one peculiarly within the province of the master to decide; that every reasonable presumption was to be made in favor of his decision; and that unless it clearly appeared by his report or otherwise, that he had acted under a mistake, his report was to be sustained.

There is no fixed rule of law limiting the compensation to which a mortgagee in possession of real estate may be entitled for his services in the care and management of the mortgaged premises.  Therefore, where a master in chancery, to whom it was referred to state an account between mortgagor and mortgagee, allowed the latter a commission on the rent received by him of five per cent. only, for his services in the care and management of the estate, and at the same time reported that he was satisfied that such commission would not compensate the mortgagee for his trouble, but that he did not feel at liberty to allow more, not knowing that the court had ever allowed a greater rate of commission; the report was recommitted to the master, with directions to allow the mortgagee such further sum, as he might think just and reasonable.

Where a mortgagee enters for a breach of condition by non-payment of interest, and the mortgagor brings a bill in equity to redeem, pending which the principal becomes due, the mortgagor is not entitled to a decree, but upon paying the whole sum now due, principal and interest.

THE facts of this case, so far as they are necessary to the understanding of the points of law decided, sufficiently ap-

pear in the opinion of the court. Written arguments were presented by *G. W. Phillips*, for the defendant, and *J. B. Robb* for the plaintiff.

BIGELOW, J. This is a bill in equity brought by the owner of the right in equity to redeem a certain piece of real estate, situated on Washington Street, in Boston, against the assignee of a mortgage thereon.

The mortgage was made to secure the payment of a note for six thousand dollars, dated the 1st of February, 1845, payable in five years from date, with interest semi-annually. The interest, which became due on the 1st of August, 1845, not having been paid, the defendant, on the 13th of January, 1846, entered for breach of condition, and for the purpose of foreclosure. The bill was filed on the 12th of January, 1849.

The case was sent by agreement of the parties to a master in chancery, to state the defendant's account, who, having attended to that duty, made report thereof to the court. After the coming in of the report, and after the defendant had filed certain exceptions thereto, which will be noticed hereafter, he also filed, by leave of court, a supplemental answer, in which he sets forth that since the proceedings aforesaid, the principal sum secured by the mortgage had become due and payable, together with interest thereon, and that certain further sums had been expended by him in the care and repairs of said real estate, and praying that said sums, and such further sums as may be expended by him on the estate, may be included in the decree, which the court may render in the case, for the redemption of the estate by the plaintiff, in addition to those embraced in the master's report.

Two exceptions have been taken by the defendant to the report of the master, and submitted to the consideration of the court.

The first is, that the master disallowed certain items, amounting to one hundred and seventy two dollars and fifty two cents, which were claimed by the defendant, as having been expended by him for repairs and improvements on the estate. In regard to these sums, it appears by the master's report, that the house was originally so built, that, in certain

19*

seasons, the tide water flowed into the cellar, and that the defendant, after he took possession, expended the above sum in several different attempts to remedy this difficulty, but that owing to the employment of unskilful persons and the use of unsuitable materials, he failed entirely in accomplishing the object. No improvement or benefit to the estate was effected by these expenditures, and as they were all incurred in attempts to remedy a defect in the original construction of the house, it may be questionable whether they can be properly considered as repairs. If not, then they do not come within the provisions of Rev. Sts. c. 107, § 15, and ought not to be allowed to the defendant. However this may be, the rule is well settled in cases of this nature, that all such questions are peculiarly fit for the consideration of a master, and every reasonable presumption is to be made in favor of his decision; and unless it clearly appears from the report or otherwise, that he has acted under mistake, his report will be sustained. *Reed* v. *Reed*, 10 Pick. 398, 400. Upon a careful review of the evidence reported by the master, the court see no reason for revising his decision on this point, and the exception thereto must be overruled.

The second exception to the report of the master is, that the defendant was allowed only five per cent. commissions on the rent received by him, as a compensation for his services in the care and management of the estate. Upon this point the master reports " that he was satisfied that five per cent. on the rents would not compensate the defendant for his trouble, but that he did not feel at liberty to allow more, not knowing that the court had ever allowed a greater rate of commission." We are not aware that any fixed rule has ever been laid down by this court, limiting the compensation to which a mortgagee in possession of real estate may be entitled for his services in the care and management of the mortgaged premises, and from the nature of the case, any such rule would be impracticable. In many cases, a commission of five per cent. on the rents received would be wholly inadequate, while in other cases, it might be a very liberal compensation. Each case in this respect must depend on its own peculiar circumstances.

*Cazenove* v. *Cutler*, 4 Met. 246.. As the master has found the services of the defendant in this case to have been worth more than he felt at liberty to allow, this exception to the report is sustained, and the case is to be recommitted to the master, with directions to allow the defendant such further sum as he may think just and reasonable.

The only remaining question in the case arises on the supplemental answer of the defendant, in which he asks that the entire sum due and payable on the mortgage, both principal and interest, may be included in the final decree for the redemption of the estate.

After the condition of a mortgage is broken, and the mortgagee has entered for breach thereof, the legal estate of the mortgagor is determined, and has become vested in the mortgagee. All that the mortgagor has remaining is an equitable estate, that is, a right to redeem the premises, on paying what is due on the mortgage. When, therefore, he comes into a court of equity to regain his legal title and possession, he must pay what is actually due on the mortgage up to the time of redemption, before he can entitle himself to be restored to his legal rights. Otherwise he would receive more than he is willing to give, which would contravene the familiar and elementary principle, that he who seeks equity must do equity. *Mann* v. *Richardson*, 21 Pick. 355.

The objection made by the plaintiff to a decree for the payment of the entire sum due on the mortgage is founded on a misconstruction of some of the provisions of Rev. Sts. *c.* 107. The argument is, that because by § 14 the mortgagor is required to tender only the sum due and payable at the time of the tender, so when he brings his bill to redeem under § 18, without a previous tender, he can be required, in order to entitle himself to redeem, only to pay the same amount that he is bound to tender under § 14, that is, the amount due and payable at the time of filing his bill. But this is clearly an error. The purpose of § 14 is to prevent a forfeiture of the estate, and if a tender is made in compliance with its provisions, it enables a party to save his estate by commencing a suit to redeem within a year after the tender

as provided by § 17. But the purpose of § 18 and of the sections immediately following is entirely different. They prescribe the manner and the terms of redemption by a suit in equity without a previous tender. By § 23 it is enacted, that in such cases " the court shall inquire what sum *is* due on the mortgage, and shall enter a decree, that, upon payment of *such* sum, within such time as the court shall order, the plaintiff shall have possession of the premises to hold discharged of the mortgage." The statute requires the court to ascertain what sum is due and payable at the time of the decree, not what was due and payable, when the bill was filed ; and the sum so ascertained is to be embraced in the decree for redemption. Any other construction would not only be unreasonable, but would contravene the plainest principles of equity on which all these proceedings are founded. Rev. Sts. *c.* 107, § 29. The reasoning of the court in *Mann v. Richardson,* before cited, fully sustains these views, and we can see no difference in principle between that case and the case at bar. *Stewart* v. *Clark,* 11 Met. 384 ; 2 Dan. Ch. Pr. (Perk. ed.) 1206.

The case is therefore to be recommitted to the master to state the defendant's account in conformity with the principles above stated ; and upon the coming in of his report, the usual decree for redemption will be ordered.